GLOUCESTER COUNTY CIRCUIT COURT.

SARAH AGNES MOSS, plaintiff,

*v.*

JOHN W. DAVIDSON, defendant.

[Decided April 25th, 1923.]

**Landlord and Tenant—Objectionable Tenancy—Persistent Refusal to Pay Rent—Personal Feeling Between Landlord and Tenant.**

*Mr. Austin H. Swackhamer,* for the plaintiff.

*Messrs. Avis & Avis,* for the defendant.

DONGES, J.

Suit was brought under the Landlord and Tenant act, before a justice of the peace, to recover possession of a dwelling-house, and was, by order, removed to this court.

Three grounds were alleged as causes for removal of defendant from the premises:

1. That defendant had twice defaulted in rent, and had not paid same until suit was brought to collect same.

2. That defendant refused to pay rent directly to plaintiff, but does so through her attorney.

3. That defendant has made disparaging, if not slanderous, statements concerning plaintiff and has manifested a hostile attitude toward plaintiff.

1. The testimony showed that there was some feeling between plaintiff and defendant (who married the daughter of plaintiff's husband by a prior marriage), by reason of the disposition of plaintiff's husband's property by his will, and that for several months defendant did not pay rent until

required to do so by legal proceedings. His explanation is that he thought he, or his wife, had some rights to the property and that he withheld the rent until the question was settled. Thereafter he promptly paid the rent to plaintiff's attorney. For some months he has not been in default. He has recognized plaintiff's rights as landlord, and there is every reason to anticipate there will be no further delinquency as regards the payment of rent.

Under the proofs, I am unable to conclude that defendant can be said to be objectionable "because of non-payment of rent."

2. There is undoubtly some feeling between the parties, which has prompted defendant to make payments to plaintiff's attorney. But, if the agreement of letting required defendant to pay the rent directly to plaintiff, defendant cannot choose the avenue for payment. Plaintiff's attorney could have refused to receive it and defendant would be obliged to pay it to plaintiff. The fact that it was accepted as a payment to plaintiff, leaves plaintiff in no position to complain thereof. Future payments should be made to plaintiff directly. A continued refusal or failure to make payments as required by the contract might render defendant objectionable under the statute, and result in giving plaintiff a right to possession. While a few instances of default might not be sufficient to render a tenant objectionable, within the meaning of chapter 93, laws of 1922, I am inclined to think that persistent and frequent defaults, requiring numerous suits to collect, would probably constitute an objectionable tenancy, as contemplated by the act. The legislature intended to make a tenant's tenure more secure, but did not intend to permit tenants to avoid their duties to pay rent as required by their contracts of letting. Repeated violations would render the tenant objectionable.

3. The statute provides for the removal of a tenant, who is "objectionable because of non-payment of rent or otherwise, in which case the landlord or lessor shall establish to the satisfaction of the court, that the tenant is actually objectionable."

I am of the opinion that the term "objectionable * * * otherwise," used in the first section of the act under discussion, refers to conduct that would, prior to the passage of the supplement of 1922, have rendered the tenant liable to be dispossessed because of the use to which the property was put, because it was being used for immoral purposes or as a nuisance, or because of some conduct with respect to the use of the property that would subject the landlord to loss, damage or serious inconvenience. The thing dealt with by the legislature is the use of property, and my opinion is that the objectionable acts relate to the use of the property and not to the personal relations of the landlord and tenant. Certainly, no court would read into the act, which deals entirely with property rights, a right to terminate a contract of letting, simply because the lessor no longer liked the lessee and had concluded that the lessee was personally objectionable to him, unless such meaning was clearly and unmistakably indicated in the statute.

I conclude that the statute relates to objectionable conduct in the use of the demised premises and not conduct that renders a tenant *"persona nongrata"* to the landlord.

Under the circumstances of this case, judgment must be in favor of the defendant.